## Ella S. Leonard v. Warren Springer.

1. DEEDS—*Reasons for Stating the Consideration—Estoppel.*—The reason for stating a consideration in a deed is that where the instrument acknowledges the receipt of the consideration, the grantee and all parties claiming under him are estopped from denying that it was paid for the purpose of destroying the effect and operation of the instrument, although they may disapprove the payment of it for the purpose of recovering the consideration mentioned.

2. SAME—*Statement of a Valuable Consideration.*—The statement of a valuable consideration in a deed is of service, because a court of equity, in respect to contracts concerning lands, acts upon valuable considerations and representations.

3. SAME—*Effect of the Statement of a False Consideration.*—While it is true that the mere false statement of the consideration of a deed does not of itself necessarily vitiate the instrument, yet there may be cases where a false statement of a consideration may of itself destroy the whole transaction.

4. SAME—*Where the Consideration is Untruthfully Stated—Fraud.*—If the transaction upon which a deed purports to be founded and the consideration for which it was executed is made to appear to be untruthfully stated in the instrument, if the intent operates fraudulently, such instrument may lose all its binding qualities in equity even though it may be conclusive at law.

5. SAME—*Where No Consideration is Expressed—General Rule in Equity.*—The general rule in equity, where no consideration is expressed in a deed, is that a party may aver and prove a consideration in support of the instrument and where a consideration is expressed, he may still aver and prove other considerations, not inconsistent with those therein already expressed.

Action for Fraud and Deceit.—Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in

the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 26, 1901.

ALDEN, LATHAM & YOUNG, attorneys for appellant.

W. N. GEMMILL, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The declaration in this case alleges that the appellee, Warren Springer, being the owner of a leasehold interest in the premises known as 188 East Monroe street, in Chicago, which was and is well known to him to be of no value, for the purpose of cheating and defrauding the plaintiff and others, conspired with one John E. McGinness and the defendant Charles Z. Miller, whereby on July 29, 1897, Springer and his wife conveyed said leasehold interest to said McGinness without any consideration therefor, and on the 6th day of August, 1897, the said McGinness conveyed his interest in said real estate to Charles Z. Miller, who was a man of no financial means or responsibility, the said McGinness and the said defendant Miller, being mere tools in the hands of said Springer. That the consideration stated in the deed from McGinness to Miller was $100,000, but in fact there was no consideration for said deed. That as a part of the transaction and for the purpose of cheating and defrauding the plaintiff and others, Springer had Miller execute to the Chicago Title & Trust Company "a trust deed of his interest in said leasehold securing the payment of eleven notes for the sum of $500 each, ten notes for the sum of $750 each, all due in one year after date, and sixty-two notes for the sum of $1,000 each, all due in fifteen months after date; all of which notes were executed by Miller, payable to his own order and by him indorsed, and were then and there, in pursuance of said design to cheat and defraud the plaintiff and others, turned over to Springer." And in consideration of the services so rendered by Miller to Springer and the use of the name of Miller, Springer then and there, paid to Miller the sum of $500 in cash, which was all the money ever paid by Springer, or received by Miller in the transaction. That Springer, for the purpose of carrying out his

scheme to cheat and defraud the plaintiff and others, caused the deed executed by himself and his wife to McGinness to be filed for record in the recorder's office of Cook county, and for the same purpose caused the deed from McGinness to Miller to be filed for record in the same office and also the trust deed from Miller to the Chicago Title and Trust Company, and that Springer caused the Chicago Title and Trust Company to be named as trustee in the trust deed and in the notes, for the purpose of committing a fraud upon the plaintiff and other parties, who might, in investigating the value of said notes and said security, believe that the transactions represented by them were *bona fide* transactions, when in truth said property was never sold to McGinness nor to Miller for any sum. That Springer caused the trust deed aforesaid, to be made in such a manner that it would appear to be given upon the entire premises known as 188 East Monroe street, Chicago, as security for an indebtedness of $75,000, when in fact, the only interest Springer or McGinness or Miller had in said premises was a leasehold interest, which Springer then well knew was entirely worthless. That afterward Springer took possession of said notes and obtained an abstract showing a title to said property, including the trust deed, and well knowing that said notes had no security and that McGinness was utterly worthless financially, and that Miller was utterly worthless financially, Springer placed the notes on the market in the city of Chicago for sale, and the plaintiff avers that subsequently she was desirous of investing $4,000 in good real estate security and for that purpose applied to a broker in Chicago, and that she was thereupon shown an abstract of title showing that the property herein described had been sold by Springer through the said McGinness to the defendant Miller, and that the Chicago Title and Trust Company was the trustee named in the trust deeds for $75,000, given by Miller to secure a series of notes for that sum, and that she inferred therefrom that the amounts stated in the deeds were correct and that the purchase price of said property was $100,000 and that upon examination

of the trust deed to the Chicago Title and Trust Company she was thereby made to believe that one-quarter of the purchase money had already been paid and therefore concluded that said premises were worth $100,000, and that the trust deed upon the same was ample security to any party owning such notes as aforesaid, and thereupon she was shown four of said $1,000 notes, which notes were drawn by the defendant Springer under his direction, and which notes were all printed, except the signature, and were caused by Springer to be printed, and the Chicago Title and Trust Company named as trustee in said notes, written across the end thereof, and each of which said notes had indorsed on the back as follows:

"For and in consideration of the interest being paid in full, the time is extended to May 1st, A. D. 1899. Charles Z. Miller."

And the following:

"TRUSTEE'S CERTIFICATE.

This is to certify that this note is one of the following eighty-three notes for the aggregate amount of seventy-five thousand dollars: Eleven notes for $500 each, ten notes for $750 each, sixty-two notes for $1,000 each, secured by trust deed to Chicago Title and Trust Company, trustee, recorded in the recorder's office of Cook county, Ill., as document No. 2,586,840.

CHICAGO TITLE AND TRUST COMPANY,
By Wm. C. Niblack, Sec'y."

And the plaintiff avers that relying on the truth in the statement in said deeds from Springer through McGinness to Miller and upon the truth of the statement in said trust deed from Miller to the Chicago Title and Trust Company, and upon the statement and representation appearing upon the face of said notes, she then and there invested her money in said securities and then and there paid the sum of $4,000 for said notes; and the defendant avers that on the 10th day of August, 1896, she was informed and has since learned it was the truth, that the pretended sale by Springer through McGinness to Miller was a bogus transaction, and that the trust deed to the Chicago Title and Trust Company was with-

out consideration, and that the entire transaction from the drawing and having printed said notes to the recording of said trust deed, was a scheme to cheat and defraud the plaintiff and done for the purpose of placing upon the market notes that were fraudulent and of no value whatever, and that said notes so purchased by the plaintiff were and are worthless, and that the property was and is worthless, and the leasehold interest of Springer was and is worthless, and thereby the plaintiff says she has been damaged to the extent of $6,000, and therefore brings suit.

A general demurrer for the defendant Springer to this declaration was sustained. That the allegations of the plaintiff's declaration, if true, constitute a very immoral transaction, there can be doubt.

The question presented to the court is, whether her declaration states a good cause of action, not whether she may not have a remedy in some other proceeding or action. Appellant's declaration, as the brief of her counsel in this case, proceeds upon the theory that the statement of consideration mentioned in a deed is a representation not merely that the deed was made upon a good or valuable consideration, but that the consideration mentioned in the deed was actual; and that if it be not so, any person deceived by said statement and sustaining loss by being so misled, has a cause of action against the person who placed in the deed made by him a statement of consideration variant from the actual fact.

Counsel have referred us to no case so holding, and we are not aware of any.

As a matter of practice it is notorious that very frequently little care is taken by grantors to state with accuracy, the exact consideration for making a deed. It is quite customary in the making of deeds upon mortgaged property to fail to exclude the amount of the mortgage from the statement of consideration, although the grantee may not assume the same. The deed of the Astor House in New York City from John Jacob Astor to his son William is said to have had an expressed consideration of one dollar

Leonard v. Springer.

only, the element of love and affection which undoubtedly was a part of the consideration, not being set forth.

If the public have a right to rely upon a statement of consideration in a deed, being in accordance with the fact, we see no reason why, if the consideration mentioned should be less than that given, and any one is thereby misled to his injury, a cause of action would not arise as much as in a case where the consideration is overstated. The consideration named in a deed is not placed there for the purpose of giving information or making a representation to the public. It is simply for the purpose of showing or representing that the deed was.made upon a good or valuable consideration. Prior to the statute of uses enacted, created in the reign of Henry the VIII., a gift of land to a person and his heirs accompanied by livery of seizin, that is, a transfer by feoffment, was effectual in law to convey the entire estate without any consideration. The law did not require a consideration; and if a deed of feoffment was delivered, its seal raised a conclusive presumption of a consideration. Only by presumption established by courts of equity was the rule created that if a conveyance for a fee was made without any use being declared and without any consideration, although the legal title passed to the feoffee, a use arose in favor of the feoffor, so that having parted with the legal estate, he remained possessed of all the equitable interests, and rights; and thereby a court of chancery gave to the *cestui que trust* the equitable estate in fee vested in him. Pomeroy's Equity Jurisprudence, Sec. 981.

The reason for stating a consideration in a deed is that where a deed acknowledges the receipt of a consideration, the grantee and all claiming under him are estopped from denying that one was paid for the purpose of destroying the effect and operation of the deed, although they may disprove the payment for the purpose of recovering the consideration mentioned. 2 Washburn on Real Property, 401.

And by the ordinary deed in modern use the acknowledgment by the grantor of a consideration received by him avoids a raising of a resulting use in favor of the grantor.

The statement of a valuable consideration in a deed is also of service, because a court of equity in respect to contracts concerning lands acts upon valuable considerations, representations and acts. Pomeroy's Equity Jurisprudence, sections 1294, 1405 and section 370.

While it is true that a mere false statement of the consideration of a deed does not of itself necessarily vitiate a deed, yet there may be cases where a false statement of a consideration may of itself destroy the whole transaction.

The general rule in equity is that where no consideration is expressed in a deed, a party may aver and prove consideration in support of it, and where a consideration is expressed a man may still aver other considerations, not inconsistent with those expressed.

If the transaction on which a deed purports to be founded and the consideration for which it was executed is made to appear to be untruthfully stated, the instrument may, if the intent would operate fraudulently, lose all its binding qualities in equity, even though it would be conclusive at law. Watt & Grove, 2d Sch. & Lef. 492, 500, 501; Clarkson v. Ranway, 2d Peere Williams, 202; Hartopp v. Hartopp, 17 Ves. 192; Kerr on Fraud and Mistake, 191.

The declaration does not show that the abstract of title was in any respect false. The plaintiff was by said abstract informed what the property was upon which the notes purported to be secured. She, by said abstract, was afforded the means of ascertaining what title had been conveyed to the Chicago Title and Trust Company for the purpose of securing the notes and she had at her command the ordinary and usual means of ascertaining, not only the value of said title, but the value of the premises themselves. That property is often conveyed under an honest but mistaken belief that it is adequate security for that which it purports to be, is well known.

Counsel for appellant cite the 14th volume of the 2d edition of the Am. and Eng. Ency. of Law, page 22, in which it is said, " that many individual judges have gone so far as to lay down the rule broadly, that a person is entitled

Leonard v. Springer.

to relief on the ground of fraud in the case of positive false representations, intended to be relied upon and to deceive, notwithstanding he had a present opportunity of discovering that the representations were false, and might have known the truth by a proper examination and inquiry, and notwithstanding his means of knowledge were equal to those of the other party."

It will be observed the statement is as to positive false representations.

In the present case no positive false representations were averred, but merely that the plaintiff took the statement of consideration contained in the deed as a representation that such consideration had actually been paid therefor. Nor is the case of representations made by circulars and advertisement put forth by corporations and promoters applicable. In such case the representation is actual and positive, as well as one concerning which those who make it are necessarily much better informed than others can be, and usually one concerning which the public can learn the actual facts only by inquiry of those who make the statement.

The declaration fails to allege that the trust deed by which the notes purported to be secured contained any false statement, nor is it alleged that the defendant ever knew the plaintiff or made any representations to her. Nor is it charged that the broker from whom the plaintiff purchased the notes, was then, or ever, the agent of the defendant, or that the defendant obtained any of the money paid by the plaintiff, or in any way or wise derived any benefit from the sale of the notes to her.

The demurrer was properly sustained and the judgment of the Superior Court is affirmed.