## ELLA S. LEONARD

*v.*

## WARREN SPRINGER.

*Opinion filed June 19, 1902.*

1. FRAUD—*when false statements as to value are not mere expressions of opinion.* Where a deed in fact without consideration states the consideration to be $100,000, and the trust deed given back by the grantee purports to be for $75,000, the whole scheme being a devise to deceive investors in the notes secured by the trust deed, such statements upon the records are not mere harmless expressions of opinion, which third persons cannot rely upon.

2. SAME—*when statements of value constitute fraud and deceit.* If the owner of a worthless leasehold interest fraudulently conveys to a party in his confidence the property for an expressed consideration of $100,000, and procures the supposed purchaser to execute a trust deed securing notes for $75,000, which he places upon the market, the statements of consideration constitute fraud as to purchasers of such notes.

3. SAME—*false representation may arise from conduct.* A false representation need not necessarily be an oral, printed or written statement, but may arise from any conduct capable of being turned into a statement of fact.

4. SAME—*party guilty of deliberate fraud cannot impute negligence to other party.* One guilty of fraudulent conduct, whereby he induces another to act to his prejudice, cannot be allowed to impute negligence to the latter as against his own deliberate fraud.

5. SAME—*in action for fraud it is not necessary to show that defendant was benefited.* In an action for damages against one whose deliberate fraud has induced the plaintiff to purchase worthless notes, it is not necessary to allege or show that the defendant has any interest in the subject matter or that he received any benefit therefrom, since his liability rests upon his wrongful act and the consequent injury to the plaintiff, and not upon benefit to himself.

*Leonard v. Springer,* 98 Ill. App. 530, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This is an appeal from the Appellate Court for the First District affirming a judgment rendered in the superior court of Cook county, June term, 1899, sustaining a

demurrer to appellant's declaration in an action for damages for fraud and deceit.

The declaration charges that on July 29, 1897, the defendant, Warren Springer, was the owner of a leasehold interest, with a building thereon, known as 188 East Monroe street, Chicago; that the ground rent to the amount of about $5000 was past due on said lease and the owner of the fee was threatening to forfeit the same; that defendant knew his interest in said real estate was worthless; that he conceived the scheme of conveying it for the fictitious sum of $100,000 and having the vendee execute a trust deed to the Chicago Title and Trust Company, a corporation, to secure the payment of notes amounting to $75,000, thereby representing, through the public records and abstracts of title, that the property had been sold for $100,000 and was therefore worth that sum, and thereby sought to impress upon the public that one-fourth of said purchase money had been paid, when in truth and in fact defendant had no idea that said leasehold interest could be sold for any sum to any person knowing the facts; that the defendant, for the purpose of cheating the plaintiff and others, conspired with John E. Maginnis, his brother-in-law, and Charles Z. Miller, whereby, on July 29, 1897, defendant conveyed the leasehold interest to Maginnis without receiving any consideration therefor, and on the 6th of August following, the latter conveyed his interest therein to Miller, who was a man of no financial means or responsibility, and who, with Maginnis, was a mere tool in the hands of defendant; that the deed from Maginnis to Miller stated a consideration of $100,000, but in fact there was no consideration; that on the same day, and as part of the same transaction, defendant procured Miller to execute to the Chicago Title and Trust Company a trust deed on his interest in the leasehold, securing the payment of eleven notes each for $500, ten notes each for $750, due in one year, and sixty-two notes each for the sum of $1000, due

fifteen months after date, the notes being executed by Miller, payable to his own order, and by him endorsed and turned over to defendant, who paid Miller the sum of $500 for his services in said transaction; that defendant, for the purpose of carrying out his design to cheat and defraud plaintiff and others, caused the deeds and trust deed to be filed for record, and caused the said Chicago Title and Trust Company to be named as trustee in said trust deed and in said notes, for the purpose of committing a fraud upon the plaintiff and others who might afterwards, in investigating the value of said notes and security, believe the transactions represented by said deeds and notes to be *bona fide*, when in truth and in fact said property was never sold to Maginnis nor to Miller for any sum; that defendant caused the trust deed to be made in such a manner that it would appear to be given upon the said entire premises known as 188 East Monroe street, Chicago, as a security for $75,000, when in fact the only interest said defendant or Maginnis or Miller had in said premises was a leasehold which defendant well knew to be entirely worthless; that defendant obtained an abstract showing the trust deed securing said notes, and placed the notes on the market in Chicago for sale.

The plaintiff avers that subsequently she applied to a broker in Chicago to secure for her an investment, and was thereupon shown the abstract above mentioned, showing that the property in question had been sold by the defendant, through Maginnis, to Miller, and that the Chicago Title and Trust Company was the trustee named in the trust deed for $75,000 given by Miller to secure the notes above mentioned, and that she inferred therefrom that the amount stated in the deeds as purchase price was correct; that upon examining the trust deed she was made to believe that one-fourth of the purchase money had been paid, and therefore concluded the premises were worth $100,000, and that the trust deed was

ample security to any party owning the notes; that there-upon plaintiff was shown four of the $1000 notes, one of them being as follows:

"$1000.                    CHICAGO, ILLINOIS, *August 6, 1897.*

"Fifteen months after date, for value received, I promise to pay to the order of myself the sum of $1000 at the office of Chicago Title and Trust Company, Chicago, with interest there-on at the rate of six per cent per annum.

"This note is secured by a trust deed to Chicago Title and Trust Company, trustee, of even date herewith, on seven-story and basement building, No. 188 East Monroe street, city of Chicago, county of Cook and State of Illinois, and is to bear in-terest at the rate of seven per cent per annum after maturity.
Trust No. . . . . . .   Loan No . . . . . ."      CHARLES Z. MILLER.

Written across the left-hand end was the following: "Chicago Title and Trust Company, 100 Washington street, Title and Trust Building, Chicago, Ill." It was endorsed on the back, as follows:

"For and in consideration of the interest being paid in full the time is extended to May 1, A. D. 1899.
                              CHARLES Z. MILLER.

"*Trustee's Certificate.*—This is to certify that this note is one of the following eighty-three notes for the aggregate amount of $75,000: Eleven notes for $500 each, ten notes for $750 each, sixty-two notes for $1000 each, secured by trust deed to Chicago Title and Trust Company, trustee; recorded in recorder's office of Cook county, Ill., as doc. No. 2,586,840.
                      CHICAGO TITLE AND TRUST CO.,
                          BY WM. C. NIBLACK, *Secy.*"

And plaintiff avers that, relying on the truth of the statement in the deeds and trust deed and the statement and representations appearing upon the said notes, she purchased four of the notes, paying therefor $4000; that afterwards she learned that the pretended sales by the defendant to Maginnis and by the latter to Miller were bogus transactions and that the trust deed was without consideration, and that all this had been done for the purpose of placing upon the market the fraudulent and valueless notes; that the notes are without value; that the leasehold interest of the defendant in said property

was and is worthless, and that she has been damaged to the extent of $6000.

As before said, a general demurrer was sustained to this declaration and the suit was dismissed at the cost of the plaintiff.

ALDEN, LATHAM & YOUNG, for appellant.

W. N. GEMMILL, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The sole question is whether or not this declaration states a good cause of action. It is not denied by counsel for appellee that the declaration sufficiently alleges, in substance, that appellant was fraudulently induced to invest her money in fictitious and worthless securities, nor that the scheme by which they were executed and placed on the market was originated and put forward by appellee, but his position seems to be, that if the appellant could have investigated the true condition or value of the property constituting the supposed security for the payment of the notes which she purchased, and failed to do so, she must take the consequence of her imprudence.

The consideration of $100,000, stated in the deeds, (which would usually tend to indicate the value of the property,) is alleged to be false, but counsel says it is a well established rule that the purchaser cannot maintain an action against the vendor for false statements in regard to the value of the property purchased, or its good quality, or the price he has been offered for it. It is true that the general rule is, that statements as to the value of a business or of real or personal property, made for the purpose of inducing another to buy or to invest money, may be, and generally are, treated as mere expressions of opinion, and if so intended and understood will not constitute fraud, in the absence of any misrepresentation of material, extrinsic facts or concealment of such facts. (14 Am. & Eng. Ency. of Law,—2d ed.—41.)

The reason of the rule is, that such statements are expressions of opinion; but where they are made with the intention that they shall be understood as statements of fact, and not as the expressions of opinions, they will constitute fraud. (*Murray* v. *Tolman*, 162 Ill. 417.) We said in that case, (p. 423,) quoting from *Pickard* v. *McCormick*, 11 Mich. 68: "It is only because statements of value can rarely be supposed to have induced a purchase without negligence, that the authorities have laid down the principle that they cannot usually avoid a bargain." Here the consideration for the conveyance from appellee to Maginnis was stated to be $100,000, the conveyance from the latter to Miller again stated the consideration to be $100,000, and the deed of trust purported to secure the payment of $75,000,—and these are three things alleged to have been done in pursuance of a design to cheat and defraud the plaintiff and others. It cannot be denied that the consideration stated in the two deeds and trust deed was calculated to lead any one to believe that the property mentioned therein was, to say the least, of greater value than it really was; neither can it be said that the statements so made in the deeds, and especially that in the deed of trust, are mere expressions of opinion, which should not have been relied upon by persons examining the record. As was further said in the *Murray case, supra,* quoting from the *Pickard case:* "It cannot be laid down as a matter of law that value is never a material fact, and we think the circumstances of this case illustrate the impropriety of any such rule. They show a plain and aggravated case of cheating, and it would be a deserved reproach to the law if it exempted any specific fraud from a remedial action where a fact is stated and relied upon, whatever may be the general difficulty of defrauding by means of it." (See *Allen* v. *Hart*, 72 Ill. 104.) The rule relied upon by appellee does not apply to the facts of this case. The statements of value in said deeds, as alleged in the declaration, having been

made in pursuance of a scheme on the part of the defendant, constituted fraud and deceit.

Counsel further contends there is no allegation that the defendant ever knew the plaintiff or ever made any representations of any sort to her. It is true, the representations were not by means of conversations between the parties; but the rule is as stated in the Law of Fraud, by Bigelow, (p. 467,) that a representation is anything short of a warranty, "proceeding from the action or conduct of the party charged, which is sufficient to create upon the mind a distinct impression of fact, conducive of action. The most usual and obvious example is an oral, written or printed statement. But statement is by no means necessary. Any conduct capable of being turned into a statement of fact is a representation. There is no distinction between misrepresentations effected by words and misrepresentations effected by other acts. It is sufficient that there were acts such as to mislead a reasonably cautious or prudent man in regard to the existence of a fact forming a basis of or contributing an inducement to some change of position by him." In this case, the recitals in the deeds and trust deed, stating a consideration which inferred that the property was of great value whereas the interest of the defendant therein was of no value whatever; the memorandum on the notes that they were secured "by a trust deed to Chicago Title and Trust Company, trustee, of even date herewith, on seven-story and basement building, No. 188 East Monroe street, city of Chicago," implying that the trust deed conveyed the fee simple title; the recital in the trust company's certificate that these notes were a part of a series of notes amounting to $75,000, "secured by trust deed," and likewise the statement that "in consideration of the interest being paid in full the time is extended to May 1, 1899," signed by Miller, are in law representations calculated to deceive and mislead any third persons dealing with those notes. Especially is the statement by

Miller misleading and deceptive. It amounted to a statement that the notes were originally given to him as a part, only, of the purchase price for the property; and that statement, taken with the recitals of consideration $100,000, naturally leads to the inference that he received $25,000 of the purchase price in money and $75,000 in said notes. Accepting as true the allegations of the declaration, as we must on this general demurrer, the scheme was an artful one, calculated to lead an innocent third party to believe that the property was ample security for a much larger sum of money than that invested by the plaintiff. Moreover, if appellee concocted a scheme for placing fraudulent and worthless securities upon the market, he cannot be heard to say that parties induced to buy them shall suffer for their failure or neglect to discover his fraud. The rule is, that a party guilty of fraudulent conduct, whereby he induces another to act, will not be allowed to impute negligence to the latter as against his own deliberate fraud. "Even where parties are dealing at arm's length, if one of them makes to the other a positive statement, upon which the other acts (with the knowledge of the party making such statement) in confidence of its truth, and such statement is known to be false by the party making it, such conduct is fraudulent, and from it the party guilty of fraud can take no benefit." *Linington* v. *Strong*, 107 Ill. 295.

Counsel says there is no allegation that the defendant ever obtained any portion of plaintiff's money, and he assumes that defendant is not, therefore, liable in damages to plaintiff. It is not necessary, in an action of this kind, to show that the defendant had any interest in the subject matter or that he received any benefit therefrom. (*Weatherford* v. *Fishback*, 3 Scam. 170; *Eames* v. *Morgan*, 37 Ill. 260; *Endsley* v. *Johns*, 120 id. 469.) "He is liable, not upon any idea of benefit to himself, but because of his wrongful act and the consequent injury to the other party." 14 Am. & Eng. Ency. of Law,—2d ed.—153.

We think the declaration stated a good cause of action, and the demurrer should have been overruled.

The judgments of the Appellate and superior courts are reversed and the cause is remanded, with directions to overrule the demurrer.        *Reversed and remanded.*