### Warren Springer v. F. R. Siltz.

#### Gen. No. 13,001.

FRAUD—*remedy of party induced to enter into contract by reason of.* A party induced by fraud to enter into a contract has an election either to affirm or rescind the same. If he rescinds he must place the other party *in statu quo,* or at least offer so to do, before he can recover the property with which he has parted. If he affirms, he is entitled to maintain an action for deceit, retaining at the same time whatever money or thing of value he received as a result of the contract.

Action for fraud and deceit. Appeal from the Superior Court of Cook County; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed April 30, 1907.

DOUGLAS C. GREGG, for appellant.

FRANK P. SADLER, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action for fraud and deceit brought by appellee against appellant and others. Springer alone was served with process and after verdict the suit was dismissed as to the co-defendants. It appears that the blank form of verdict furnished the jury contained the word "defendants," and the last letter was not stricken out when the verdict was returned. Inasmuch as but a single defendant had been served and none other was before the court, it is evident that the omission to strike out the final letter from "defendants" was a mere clerical error.

The declaration sets forth a state of facts, which in the main are identical with those contained in the statement preceding the opinion in Leonard v. Springer, 197 Ill., 532. The two notes, each for $1,000, received by appellee in the present case as set forth in the declaration, are identical with those described in the case cited. In the case at bar, however, the plaintiff avers that he relied on the truth of the statements contained in the notes described, and also upon the statements and representations made to the plaintiff by Springer through the latter's agent W. H. Sterrett acting under the direction and instruction of Springer, and so relying conveyed his interest in a farm containing 157 acres of land to John V. Maginnis as directed by Sterrett. It appears from the evidence that Springer subsequently acquired the land from Maginnis.

It is contended in the defendant's behalf that there is a material difference between the declaration in this case and that in the Leonard case. The difference is, however, that it shows the plaintiff relied both on the statements accompanying the notes themselves, which were well calculated to deceive an intending purchaser not in a position to investigate thoroughly enough to ascertain the real facts, as well as

on the representations of Sterrett, the agent of the defend-
ant. What is said in the Leonard case is therefore in point
and fully applicable to the case before us. It is urged by
defendant's attorney that plaintiff relied solely upon Ster-
rett's letters. This is disproved by the evidence. He saw
and examined the notes before delivering his deed. It is
idle to say that no "false" representations were made by
Sterrett acting as broker. The whole correspondence on his
part was deceptive and with the purpose of defrauding the
plaintiff, and it is needless to analyze the phraseology. That
Sterrett was acting as Springer's agent is evident from sub-
sequent developments, and from Springer's own letters to
plaintiff, and the contention that "there is no proof that
either Springer or Sterrett did not in good faith and honestly
believe that the notes in question were amply secured and
worth their full face," is, in view of the elaborate plan for
perpetrating a fraud upon the unsuspecting disclosed by the
evidence, not worthy of serious discussion.

The two notes received by plaintiff and for which he con-
veyed the land to Maginnis were not in plaintiff's possession
at the time of the trial, and it appeared that after their
maturity he had included them in a trade he had made, not
however receiving anything for them, and that plaintiff had
been unable to find the party to whom he had delivered them.
It is contended that no recovery can be had in this case with-
out a tender or surrender of these notes. They appear to
have been in plaintiff's possession in November, 1898, after
maturity. At all events a party upon whom a fraud has been
perpetrated has his election either to affirm or rescind the
contract. If he rescind he must place the other party in
*statu quo,* or at least offer to do so, before he can recover the
property with which he has parted. Here the plaintiff does
not seek to recover his land nor the growing crops which
Springer received and sold, but to recover such damages as
he sustained by the fraud perpetrated upon him. This he
may do and maintain an action for deceit while retaining
whatever money or other thing of value he received on the
sale. Bowen v. Schuler, 41 Ill., 192–196; Allin v. Millison,

Springer v. Siltz.

.72 Ill., 201–205; A. & E. Ency. of L., 2nd ed., vol. 14, p. 167–8. It is urged that the defendant may be held liable on the notes at some future time by the present holder. They were not, however, made by the defendant nor indorsed by him, and are long overdue.

It is said that plaintiff was not the real owner of the land conveyed by plaintiff and therefore cannot maintain the action. There are, it is true, some statements to that effect in one of plaintiff's letters introduced in evidence, which his attorney says were made in the expectation that they would help him to "get a square deal." These statements were made while negotiations for the transaction were pending and before it was consummated. When the deal was consummated plaintiff conveyed the title and the evidence justifies the finding of the jury in his favor upon this point of ownership.

We are unable to concur in the view urged by defendant's attorney that what is said in the Leonard case *supra* is not applicable to the declaration in the case at bar, nor that the conduct of Springer in connection with the procuring of the execution and record of the fraudulent trust deed by Miller, given to secure the notes in controversy and as represented by his agent Sterrett, were not properly before the jury for consideration. We find no material error in the instruction complained of, and it is clear from the record that the judgment does substantial justice. Defendant's attorney has filed voluminous arguments, but what has been said substantially disposes of the contentions upon which he relies. Plaintiff's attorneys remitted from the amount of the verdict what was apparently allowed by the jury as punitive damages, and judgment was entered for the remainder. The amount of damages included in the judgment is, we think, fully warranted by the evidence.

Finding no material error, the judgment of the Superior Court will be affirmed.

*Affirmed.*