F. R. SILTZ, Appellee, *vs.* WARREN SPRINGER, Appellant.

*Opinion filed June 18, 1908—Rehearing denied October 19, 1908.*

1. FRAUD—*purchaser of notes may recover for fraud and deceit without returning notes.* One who has been induced by fraud to purchase worthless notes may retain the notes and sue in an action for fraud and deceit to recover the difference between their true value and what they were represented to him to be worth, and the action is not barred because he does not have the notes in his possession at the time of the trial.

2. SAME—*one who puts worthless notes in circulation does so at his peril.* One who fraudulently puts worthless notes in circulation does so at his peril and assumes the risk of their being transferred by the person to whom he has fraudulently transferred them.

3. DAMAGES—*when the plaintiff cannot recover interest at rate specified in worthless notes.* In an action for fraud and deceit, brought by the purchaser of notes, the plaintiff may recover the difference between their real value and what they were represented to be worth, but he is not entitled to recover a greater rate of interest than five per cent upon the face value of the notes at the time they were transferred to him. (*Schwitters* v. *Springer, ante,* p. 271, followed.)

4. TRIAL—*when judgment against one may be entered on joint verdict.* It is not error to render judgment against one of three defendants to an action for fraud and deceit in which the verdict

was against all of the defendants though two of them were not served, where, after verdict, the suit was dismissed as to the two defendants not served.

DUNN, J., and CARTWRIGHT, C. J., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

STEDMAN & SOELKE, and DOUGLAS C. GREGG, (WILLIAM J. AMMEN, of counsel,) for appellant.

FRANK P. SADLER, and E. T. MARTIN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case for fraud and deceit, commenced by the appellee, against the appellant, in the superior court of Cook county. The fraud and deceit arose by reason of the transfer by appellant, to appellee, of two of the $1000 notes mentioned in the case of *Leonard* v. *Springer,* 197 Ill. 532. The jury returned a verdict in favor of the appellee for the sum of $4000, upon which the court rendered judgment for the sum of $3112.09 after allowing a *remittitur* of $887.91, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

It appears from the evidence that said promissory notes were not in the possession of appellee at the time of the trial, and it is insisted that fact was a bar to this action, on the ground that under the doctrine announced in *Leonard* v. *Springer, supra,* the then owner of said notes had a cause of action against the appellant. The law is well settled that one who has been induced to enter into a contract by fraud may rescind the contract and recover back the consideration paid, or he may affirm the contract and recover the difference in value between the property received and what

he would have received but for the fraud. It was not necessary, therefore, that the appellee return said promissory notes to the appellant prior to bringing suit to recover for the fraud and deceit practiced upon him by appellant, but he might retain the notes and sue him for the difference between their true value and what they were represented to him to be worth, and the fact that he did not have the notes in his possession at the time of the trial was no bar to this action, as he had the right to treat the notes as his property and not the property of appellant and recover from the appellant the difference between their true value and what they were represented to him to be worth, and the appellant, when he put said notes into circulation, did so at his peril and assumed the risk of their being transferred by the person to whom he had fraudulently transferred them.

It is also contended that the trial court misdirected the jury as to the measure of damages, in this: that the jury were instructed the appellee could recover the difference between the real value of said notes and what they would have been worth if the representations made by appellant to him at the time of their transfer had been true. The notes bore six per cent interest until maturity and seven per cent interest after maturity. The suit is not brought upon the notes, but for fraud and deceit in their sale. The instruction was therefore erroneous in so far as it permitted the appellee to recover a greater rate of interest than five per cent upon the face value of the notes at the time they were transferred to appellee. (*Schwitters* v. *Springer, ante,* p. 271.) The amount of the excessive interest recovered by appellee was $240.90, which he has offered in this court to remit, which will cure the error in the instruction complained of.

It is further said it was error to render judgment upon the verdict, as the verdict was against not only the appellant, but also against Miller and Sterritt, who were parties defendant but not served. The suit, after verdict, was dis-

missed as to Miller and Sterritt, which left the verdict stand as to appellant, and upon which a valid judgment against the appellant was rendered by the court.

It is also urged that the title to the land exchanged by the appellee for said notes was not in him. That was a question of fact which was settled adversely to the appellant by the judgment of the Appellate Court.

The thoroughly dishonest scheme of the defendant was artfully formed and was well calculated to deceive a person who was offered, in exchange for other property, the so-called securities which were put upon the market by the appellant, and the evidence fairly tended to establish that the appellant, through his agents, obtained, in exchange for the said spurious securities, the equity in appellee's farm, which was worth the face value of the notes. The court did not, therefore, err in declining to take the case from the jury.

Other grounds of reversal are urged in the briefs, but we find them, upon examination, to be without force.

The judgment of the Appellate Court will be affirmed for $2871.19 as of the date of the judgment of the superior court. The costs in this court will be paid by the appellee.                    *Judgment affirmed.*

DUNN, J., and CARTWRIGHT, C. J., dissenting:

In our opinion this judgment should be reversed and the cause remanded for a new trial. The appellee learned of the fraudulent character of the scheme by virtue of which the notes he received were given, soon after his purchase. Later he traded these notes, together with other property, to one Baldwin for an equity in a hotel in Iowa. He testified that he got nothing of value for the notes but he did use them in the trade, by which he got the equity in the hotel.

It is well established that one who has been induced to enter into a contract by fraud may maintain a suit to recover the damages occasioned by the fraud without return-

ing or offering to return what he has received. He is entitled to the benefit of his contract, and may retain the money or property received thereon and recover the damages sustained by the fraud. But in this case the plaintiff, knowing of the fraud practiced upon him, by his voluntary action placed the defendant where he was liable to a third person for the same damages the plaintiff was entitled to recover. While the appellant was not liable on the notes, the appellee, by trading them to Baldwin, conferred upon the latter a right of action against appellant for deceit to the same extent as appellee had such right of action. As held in *Leonard* v. *Springer,* 197 Ill. 532, the deeds, notes and trust deed, with the recitals therein and thereon, constituted a representation to any one who might buy any of the series of notes relying on the statements of those instruments. It was not necessary that any representation should have been made by the appellant or any agent of his. A purchaser would have the right to rely upon the recitals of the instruments themselves. No reason appears why Baldwin, or any person to whom he may have transferred the notes, may not maintain an action against appellant for the fraud. The appellant ought not to be subjected to two actions. It is the act of appellee in disposing of the notes after notice of the fraud on himself which exposes appellant to the additional liability, and appellee, in order to recover, should show that appellant is not liable to another suit for this transaction.

The time when the notes were transferred to Baldwin does not appear. His cause of action is perhaps barred by the Statute of Limitations, but he may have transferred the notes to another whose cause of action is not barred. On another trial appellee may be able to produce the notes or show that no cause of action exists, at the time of such trial, against appellant in favor of the holder of them. In such case their transfer by the appellee would not interfere with his recovery.