## Gertrude A. Kuechle, Appellee, v. Warren Springer, Appellant.

### Gen. No. 17,118.

1. APPEALS AND ERRORS—*res judicata*. The decision of the Appellate Court on a former appeal is binding on that court and on the trial court.

2. DAMAGES—*when verdict not inconsistent with evidence*. In an action for alleged fraud and deceit in connection with the conveyance of property by plaintiff in consideration for notes, it cannot be said that a general verdict for $8,000 damages and special findings that the property in question was worth $7,500 at the time of conveyance and was worth $400 or $500 about a year later are wrong and not reconcilable with the evidence, where photographs and other evidence support the original valuation, and though the difference of $7,000 in value is unusual, yet the finding is not inconsistent with the evidence as to litigation concerning the property and circumstances attendant thereon, and if the additional damages of $1,000 allowed by the general verdict are not recoverable, the error is cured by remittitur of $1,500.

3. RES JUDICATA—*instructions*. Instructions concerning a matter decided by a former appeal are properly refused, and the question thus presented is not open for review by the appellate court.

Appeal from the Superior Court of Cook county; the Hon. OSCAR E. Heard, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 4, 1913.

STEDMAN & SOELKE, for appellant.

ALDEN, LATHAM & YOUNG, for appellee; T. A. SHEEHAN, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

In an action on the case for fraud and deceit in the Superior Court the plaintiff, here the appellee, obtained a judgment against the defendant, here the appellant, for the sum of $6,500. The case has been to this court before, and is reported in 145 Ill. App. 127,

to which we refer for a more detailed statement. It results from an exchange by the plaintiff of certain property in Wisconsin for four notes for $1,000 each. The said notes were four of the series of notes involved in the litigation in Leonard v. Springer, 98 Ill. App. 530, reversed in 197 Ill. 532; Springer v. Siltz, 133 Ill. App. 552, affirmed in 236 Ill. 276, and Springer v. Schwitters, 137 Ill. App. 103, affirmed in 236 Ill. 271.

The defendant urges four reasons for the reversal of the judgment. First, that the plaintiff could not recover herein for the reason that she had rescinded her contract and in another action recovered back the Wisconsin property which had been exchanged by her for the said notes; secondly, that the expenses of the litigation incurred by the plaintiff in the prosecution of the said suit to recover back the said Wisconsin property was not a proper element of damages in the case at bar, and especially the attorney's fees in said suit; thirdly, the verdict of the jury was the result of mistake, prejudice or partiality; lastly, error in refusing to give the jury certain instructions requested by the defendant.

We think that the first two contentions were passed upon adversely to the defendant by this court in the opinion reported in 145 Ill. App. 127, *supra*. It is well settled and is conceded by the defendant, that the decision of this court on the former appeal is the law of the case and is binding on this court as well as on the trial court.

In support of the third contention it is urged that under the evidence the verdict and special findings demonstrate the mistake or prejudice of the jury, and therefore a new trial should be awarded. The verdict and special findings are as follows:

"We, the jury, find the defendant guilty and assess the plaintiff's damages at the sum of $8,000.

"Special finding No. 1:

"We, the jury, find that the usual fair, cash market value of the property in Merrill, Wisconsin, at the time

it was traded for the notes in question, to-wit, on, to-wit, the 6th day of October, 1897, was seven thousand five hundred dollars.

"Special finding No. 2:

"We, the jury, find the fair, reasonable cash market value of the property in Merrill, Wis., on the 24th day of September, 1898, was five hundred dollars."

The plaintiff remitted fifteen hundred dollars. The plaintiff's husband, her agent in the transaction, testified that on September 15, 1897, the "fair market cash value" of the property was "$20,000 or $25,000;" and also:

"Q. What, in your opinion, was the fair market value of that proeprty on the 24th day of September, 1898, that is the date the decree was set aside, taking into consideration the litigation that was pending upon the property instituted by the holders of the mortgages and also the intervening petitioner, Fannie Jacobson; what was the property worth?"    *    *    *

"A. $4,000 or $5,000."

He also testified that in August, 1897, he had been offered for said property by a Mr. Devine $10,000.00 in cash and some property in Kilbourn City, Wisconsin, the value of which, if it had any, is not shown.

It is urged that under the evidence the verdict and the special findings were clearly wrong, and the amount of the judgment cannot be reconciled on any theory sustained by the evidence. In this contention we cannot agree.

On October 6, 1897, the plaintiff conveyed the said premises to John E. Maginess at the request of the defendant. The premises consisted of thirty-six acres and a twenty-room house. The basement of the house was of Vermont granite; the first story of St. Louis pressed brick and the second and third stories of ornamental shingles dipped in oil. The interior was finished in hardwoods and contained several bath rooms. On a study of the photographs of the same in the record and all the evidence, we think that the value of a house so situated might be the subject of considerable difference

of opinion; and we are not prepared to hold that the jury might not properly consider the value of the premises on October 6, 1897, the date of the conveyance thereof by the plaintiff, to be eleven thousand dollars, and deducting therefrom the amount of the mortgage, thirty-five hundred dollars, arrive at the sum of seventy-five hundred dollars as the net value of said premises, the first of the said special findings. The testimony was that it was worth on September 24, 1898, four or five thousand dollars. Deducting from the first of said sums the amount of the said mortgage would leave the net value of the premises five hundred dollars, the second of said special findings.

On September 24, 1898, the mortgage on the said premises was being foreclosed, and in consideration of all the litigation and circumstances attendant thereon, it may be that the value to be fixed by the jury was not easily determined. At any rate, the said findings were not inconsistent with the evidence if the above views suggested as to the same are correct. This made a difference of seven thousand dollars in the value of the property between the time it was conveyed by the plaintiff and her recovery thereof. We confess that to us the difference seems very great under all the circumstances. However, we are not disposed to substitute any theory that might be entertained by us in place of the express findings of the jury, which are supported by, and are not inconsistent with, the evidence, considering the same all together. To this difference in value of the said premises the jury added one thousand dollars, as shown by the general verdict. This may be accounted for in the costs and expenses and interest thereon in the litigation to recover the said premises; or punitive damages that seem to be conceded might be allowed, if any damages were recoverable. If not, it was cured by the remittitur of fifteen hundred dollars.

The defendant requested the court to give to the jury certain instructions to the effect that if the jury

found that the said premises conveyed by the plaintiff in consideration of the said four notes had been restored to her, then the jury should find the defendant not guilty. The court refused to give the said instructions. The trial court, under the former ruling of this court in this case, was bound by the law there announced, and properly refused the said instructions; and the question thus presented, as heretofore indicated, is not open for review by this court.

The death of the defendant February 8, 1912, has been suggested, and an order entered of record that such judgment as may be entered herein shall be entered *nunc pro tunc* as of a date preceding the said death. The judgment is affirmed and will be entered *nunc pro tunc* as of February 7, 1912.

*Affirmed.*