FRANK FOSTER

*v.*

IDA OBERREICH.

*Opinion filed October 23, 1907—Rehearing denied Dec. 5, 1907.*

1. PLEADING—*when form of declaration cannot be questioned after judgment by default.* After judgment by default, where no plea was filed, the declaration can only be questioned for matters of substance, and defects of form must be regarded as cured by section 6 of the Statute of Amendments and Jeofails.

2. SAME—*when declaration states good cause of action for fraud and deceit.* A declaration averring, in substance, that the defendant, for valuable consideration, bought a promissory note and trust deed from the defendant upon his representation that the deed conveyed certain real estate as security for the note; that the note was fraudulent and of no value and that the party who made the trust deed had no title to the land conveyed, and that the defendant had knowledge of such facts, whereby the plaintiff was deceived and damaged, contains the essential elements of an action on the case for fraud and deceit, and is good after judgment by default.

3. SAME—*when failure to aver price paid for note is not fatal.* Failure of a declaration, in an action for fraud and deceit in deceiving the plaintiff into purchasing a worthless note and trust deed, to aver the price paid by the plaintiff for the note, is not fatal after judgment by default, where the declaration shows that a valuable consideration was given by the plaintiff.

4. ACTIONS AND DEFENSES—*the essential elements of action for fraud and deceit.* The essential elements of an action on the case for fraud and deceit are representation, falsity, *scienter,* deception and injury.

HAND, C. J., and CARTWRIGHT and DUNN, JJ., dissenting.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

POYNTON & POYNTON, and LYMAN M. PAINE, for appellant.

CYRUS HEREN, and N. A. STERN, (A. C. ALLEN, of counsel,) for appellee.

Mr. Justice Vickers delivered the opinion of the court:

Ida Oberreich brought this action against Frank Foster in the circuit court of Cook county. Foster did not appear and a default was entered against him, whereupon a jury was empaneled and assessed the damages at $2130. Foster removed the case to the Appellate Court for the First District and the judgment was there affirmed. He has appealed to this court, and assigns as error that the declaration is' wholly insufficient to support the judgment.

We are of the opinion that the first count of the declaration cannot be sustained. The second count, omitting the mere formal parts thereof, is as follows: "And whereas also, afterwards, on, to-wit, December 17, 1902, at Chicago, in consideration that the plaintiff, at the like request of the defendant, had then and there bought of the defendant a certain promissory note and trust deed at and for a certain other price then and there agreed upon between the plaintiff and defendant, he, the defendant, undertook and then and there promised the plaintiff that the last mentioned promissory note and trust deed, at the time of said sale and purchase thereof, was of great value and merchantable, yet the defendant, well knowing that said promissory note and trust deed was fraudulent and of no value, deceived the plaintiff in causing her to purchase the same, in this, to-wit: That the said last mentioned promissory note purported to be signed by Frank C. Huston and was made payable to the order of the defendant, Frank Foster, and that said last mentioned trust deed purported to be given conveying lots 3, 4, 5, 6 and 7, in block 1, in the subdivision, etc., of section 1, etc., in Cook county, Illinois, and which trust deed purported to be and was so represented to this plaintiff as security for the last mentioned note, and was purported to be signed by the said Frank C. Huston. And, as plaintiff avers, the said Frank C. Huston had no title whatsoever in the premises above described, yet the defendant, well knowing that the said promissory note and trust deed was fraudu-

lent and worthless and of no value, deceived the plaintiff in causing her to purchase the same, and that said Frank C. Huston had no title thereto, whereby the said promissory note and trust deed then and there were valueless and fraudulent, to the damage of the plaintiff of $5000, and therefore she brings this suit."

This count of the declaration contains, in substance, all of the essential elements of a cause of action in case for fraud and deceit. The elements of such cause of action are representation, falsity, *scienter*, deception and injury. In *Brackett* v. *Griswold*, 112 N. Y. 454, speaking of the necessary elements of an action for fraud and deceit, it was said: "There must have been a false representation, known to be such, made by the defendant, calculated and intended to influence the plaintiff and which came to his knowledge, and in reliance upon which he in good faith parted with his property or incurred the obligation which caused the injury of which he complains." When analyzed, the above count avers that appellee bought a promissory note and trust deed of appellant, and that appellant represented that the trust deed, which purported to be signed by Frank C. Huston, conveyed certain real estate described in the count as security for said promissory note, that the note was in fact fraudulent and of no value, that Frank C. Huston had no title to the real estate mentioned in the trust deed, and that appellee was deceived and damaged to the amount of $5000. It will be noted that in this count the want of value in the note grew out of the fact that Huston had no title to the real estate mentioned in the trust deed.

No plea having been filed, this declaration can only be questioned for matter of substance. While the pleading is inartificially drawn, we are of the opinion that it states the substance of a cause of action, and that there are no defects in the second count that are not cured by section 6 of chapter 7, Starr & Curtis' Statutes, page 390. The above statute provides that "judgment shall not be arrested or stayed after

verdict, nor shall any judgment upon verdict or finding by the court, or upon confession *nil dicit* or *non sum informatus,* or upon any writ of inquiry of damages, be reversed, impaired, or in any way affected, by reason of any of the following imperfections, omissions, defects, matters or things in the process, pleadings, proceedings or records, namely: * * * Fifth—For any mispleading, insufficient pleading, lack of color, miscontinuance, discontinuance or misjoining of the issue, or want of a joinder of the issue." While this statute does not extend to and cure matters of substance, yet where a pleading is good in substance but only defective in form, the above statute cures the defect after judgment by default.

It is urged that the second count does not specifically charge that appellee paid any fixed amount for the note. This is true, but we do not regard it as essential to the count that the price paid for the property should be stated. It does appear by this count that a valuable consideration was given for the note and trust deed, and this is sufficient to uphold the declaration when the same is questioned after judgment by default.

Our conclusion is that the Appellate Court committed no error in holding the second count sufficient, and its judgment is affirmed. *Judgment affirmed.*

HAND, C.J., and CARTWRIGHT and DUNN, JJ., dissenting:

We are of the opinion that the second count does not state a cause of action. It contains no allegation of any false and fraudulent representation made by the defendant and no allegation that the note was not merchantable and worth its face. It alleges that the defendant, "well knowing that said promissory note and trust deed was fraudulent and of no value," and "well knowing that the said promissory note was fraudulent and worthless and of no value,

deceived the plaintiff in causing her to purchase the same." It does not, however, allege that the note and trust deed were, in fact, fraudulent, worthless and of no value. It is as necessary to allege the fact as to allege the defendant's knowledge of it. The deceit charged is, "that the said last mentioned promissory note purported to be signed by Frank C. Huston and was made payable to the order of the defendant, Frank Foster, and that said last mentioned trust deed purported to be given conveying lots 3, 4, 5, 6 and 7, in block 1, in the subdivision, etc., of section 1, etc., in Cook county, Illinois, and which trust deed purported to be, and was so represented to this plaintiff as, security for the last mentioned note and was purported to be signed by the said Frank C. Huston." This is alleged, not as a representation made by the defendant, but as a fact. It is not stated that the note was not signed by Frank C. Huston and payable to the order of the defendant, or that the trust deed was not given conveying the property mentioned, as security for the note, and signed by Frank C. Huston. It is averred that Frank C. Huston had no title to this property, but there is no allegation that the defendant knew this fact or made any representation in regard to it. There is no allegation that Frank C. Huston was not worth the amount of the note and personally liable thereon, nor is it alleged that the plaintiff gave any consideration for the note or parted with any property or has sustained any injury.

The judgment was by default. "A default admits only what is averred in the declaration, and if the facts alleged do not give a right of recovery, final judgment should not be entered against the defendant." (*Schueler* v. *Mueller*, 193 Ill. 402.) The defects of the declaration being matters of substance, were not cured by the Statute of Amendments and Jeofails. (Ibid.) Nor were they cured by the verdict of the jury assessing damages. No issue was made upon the declaration, and nothing was required to be proved except the amount of plaintiff's damages.