## John R. Howell, Appellee, v. Fred S. Wyatt et al., Appellants.

1. FRAUD—*when representations as to value, actionable.* Where the vendee is wholly ignorant of the value of the property and the vendor knows this and also knows that the vendee is relying upon his (the vendor's) representation as to value and such a representation is not a mere expression of opinion but is made as a statement of fact, which statement the vendor knows to be untrue, such a statement is a representation by which the vendor is bound.

2. FRAUD—*when diligence in investigating representations not required.* Where the representations relate to a material fact within the knowledge of the person making them or which he assumes to assert upon his personal knowledge and with respect to which the person to whom the representations are made has not the present opportunity or ability to test or verify, the latter has a right to rely upon such representations and in the absence of facts apparent to reasonably arouse suspicion and throw doubt upon the truth of the statement, he is not bound to go further and make inquiries in respect thereof.

Action in case. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1911. Affirmed on remittitur. Opinion filed March 15, 1912.

BARBER & BARBER, for appellants.

ROBERT H. PATTON and E. E. BONE, for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an action in case for fraud and deceit, which in the trial court resulted in a verdict and judgment against the defendants, who are appellants here, for $3,000. The declaration charges that by two contracts in writing dated July 14, 1909, and November 30, 1909, respectively, the plaintiff bought from the defendants at the price of $4,500, a one-half interest in a stock of riding harrows, materials and machinery for making riding harrows, together with the right to use the patent on the same. The averments of fraud are that in order to deceive and induce the plaintiff to make the purchase, the defendants falsely and fraudulently represented to him: *First,* that they had at the time established a large and profitable trade in the said harrows; that they had in their place manufactured over 1,000 harrows, and had placed the same in the hands of users thereof, whereas they had not manufactured more than about 45, and had not established a large and profitable trade therein; *second;* that their credit was good, that the financial standing of Charles E. Wyatt was first class, and that he was able, ready and willing to furnish all the money necessary for the business, whereas in fact their credit had become bad and the said Charles E. Wyatt did not have such money in his own name; *third,* that they represented to the plaintiff, who was then and there inexperienced, and without any knowledge of the value of said materials and business, that they had on hand machinery and stock of the value of $10,000, when in fact it was not worth $1,000; *fourth,* that the machinery in question was sufficient and in such condition and order as to enable them to manufacture 30 harrows per day, whereas it was then wholly improper and inadequate for the manufacture of harrows, without expensive alteration thereof, and had never been adequate, and was not then adequate for the manufacture of even

one harrow per day, and *fifth,* that there was in the
materials and steel on hand sufficient for the manu-
facture of over 200 harrows, whereas there was ma-
terial for the manufacture of but a small quantity, and
such material was of such sizes that the same could
not be used without the purchase of other materials.
The defendants pleaded the general issue. Upon mo-
tion of the defendants, special interrogatories were
submitted to the jury, in response to which they
specially found that the plaintiff did not have a rea-
sonable opportunity to examine the property in ques-
tion before making the purchase thereof, and that he
could not by the exercise of reasonable prudence and
diligence have ascertained the falsity of the repre-
sentations alleged to have been falsely made by the
defendants.

The evidence introduced by the plaintiff tended to
show that the representations substantially as charged
in the declaration, were made by the defendants or
one of them, to the plaintiff, for the purpose of de-
ceiving him and inducing him to purchase an interest
in the property in question, and that relying and act-
ing upon such representations, and believing the same
to be true, the plaintiff purchased a one-half interest
in said property, paying therefor the sum of $4,500;
that each and all of such representations were false
and untrue, and that the defendants knew at the time
the same were made, that they were so false and un-
true.

The evidence discloses that the defendants had for
several years prior to July 14, 1909, held the patent
on a riding harrow and a long term lease on the build-
ing in which they manufactured the same; that prior
to that date about 50 complete harrows were con-
structed, and a large number of sections and other
parts and material were made ready for assembling;
that said 50 harrows were sold and a few others as-
sembled; that about the date in question, the defend-

ants advertised an interest in said business for sale, in a newspaper, describing the same as a good manufacturing plant and "a splendid chance"; that the plaintiff in response to such advertisement applied to the defendants, and was told by them, or one of them, that they were manufacturing harrows; that they had given first class satisfaction, and the demand for the same was greater than they could supply; that it was a practical machine, endorsed by the farmers, and there were over 1,000 of them in use; that the machinery had invoiced at $11,000 and was worth at least $9,000; that it was in such condition and order that thirty machines per day could be manufactured therewith, and that the value of the business, including the patent, was $9,000; that the plaintiff, who had prior thereto been a farmer and grain buyer, and who had no knowledge of machinery, or its value, and no experience in manufacturing, on several occasions inspected the plant and materials, but did not see the machinery in operation and thereafter purchased a one-third interest for $3,000, and was granted the option of purchasing a further one-sixth interest for $1,500; that after making the purchase, he and one of the defendants made a complete inventory of all the machinery and parts on hand; that thereafter he managed and controlled the business and on November 30, 1909, exercised the option granted him and purchased an additional one-sixth interest on the terms provided by the first contract.

The court admitted evidence bearing upon the misrepresentation concerning the financial standing and ability of the defendants, as giving color and credence to other representations, and as proper to consider in connection therewith, but not as a substantive element upon which to base damages. We think such ruling of the court was proper. The remaining representations clearly related to material facts. To establish the falsity of the same, the plaintiff introduced evidence which tended to show that the machinery,

and stock on hand at the date of the purchase was worth but little over $1,000 and was unfit and unsuitable for use in manufacturing harrows and their necessary parts, unless expensive alterations were made therein and other machinery purchased; that the defendants had not manufactured and sold, nor was there in use, the number of harrows represented by them, and that they had not established a large and profitable trade therein.   There was also evidence tending to establish the truth of the special findings. Such facts, if proven, were sufficient to warrant a recovery.   There was evidence tending to prove each and every of them.   Both the general and special issues were properly submitted to the jury.   Their conclusions of fact thereupon were not clearly against the weight of the evidence, and must be accepted as final except as hereinafter stated, unless some error intervened upon the trial prejudicial to the defendants, or it appears that the damages awarded are excessive.

Where the vendee is wholly ignorant of the value of the property, and the vendor knows this, and also knows that the vendee is relying upon his (the vendor's) representation as to value, and such representation is not a mere expression of opinion but is made as a statement of fact, which statement the vendor knows to be untrue, such a statement is a representation by which the vendor is bound.   Murray v. Tolman, 162 Ill. 417; Custer v. Harmon, 105 Ill. App. 76; Hicks v. Stevens, 121 Ill. 186.   It cannot be said as a matter of law that value is never a material fact.   Statements of value made in pursuance of a scheme on the part of the defendant constitute fraud and deceit.   Leonard v. Springer, 197 Ill. 532.

Where the representations relate to a material fact within the knowledge of the person making them, or which he assumes to assert upon his personal knowledge, and with respect to which the person to whom the

representations are made has not the present opportunity or ability to test or verify, the latter has a right to rely upon such representations, and in the absence of facts apparent to reasonably arouse suspicion and throw doubt upon the truth of the statements, he ·is not bound to go further and make inquiries in respect thereof. Endsley v. Johns, 120 Ill. 469; Hicks v. Stevens, *supra*. As between the original parties, when it appears that one has been guilty of an intentional and deliberate fraud, by which, to his knowledge, the other has been misled and influenced in his action, he cannot escape the legal consequences of his fraudulent conduct by saying that the fraud might have been discovered had the party whom he deceived exercised reasonable care and diligence. Linington v. Strong, 107 Ill. 295; Leonard v. Springer, *supra;* Kehl v. Abrams, 210 Ill. 218; Antle v. Sexton, 137 Ill. 410. The questions of fraud and the degree of prudence exercised by appellee in the present case were questions of fact for the determination of the jury. Kehl v. Abrams, *supra*.

By the instructions of the court the jury were told that if they believed from a preponderance of the evidence, that the defendants, before the execution of the contracts in this case, represented to the plaintiff that they had placed 1,000 of the riding harrows in question in the hands of farmers before that time; that the financial standing of Charles Wyatt was good, and that he was worth in his own name about $150,000; that the machinery in the plant in question was sufficient and in such condition and order that they could manufacture 30 harrows per day, and that there was material and steel on hand sufficient for the manufacture of 200 harrows; and further, that the statements and representations in question were made by the defendants, or one of them, were false in a material respect, and were known by the defendants to be false, at the time when the same were made; that the plaint-

iff, at the time he entered into the contract in question
did not know that said representations were false, and
could not by reasonable care and caution have ascer-
tained the falsity of such representations, or that he
was intentionally, knowingly and fraudulently misled
or influenced by the defendants to rely upon the truth
of the defendants' statements and not to make an in-
vestigation as to the truth of such representations, and
relied upon such representations, and because thereof
entered into the contracts in question; that the value
of said materials and machinery and business as the
same was represented by the defendants was greater
than the actual value of the same in the condition in
which the same in truth existed at that time; then the
jury should find the defendants guilty, and should
assess the plaintiff's damages, if any, at such sum as
they should find from a preponderance of the evidence
equals the difference between the actual value of said
property and business as it existed at the time of the
sale, and the value of the same as it was represented
by the defendants, if any. Under the foregoing au-
thorities the jury were thus fully and fairly and cor-
rectly advised as to the law applicable to the issues
involved.

While we are not disposed to disturb the verdict in
so far as it finds the issues in favor of the plaintiff,
we are of opinion that the damages awarded are ex-
cessive. No basis is afforded by the evidence for the
assessment of damages other than the misrepresenta-
tions as to the value of the leasehold, patent right, ma-
chinery and stock on hand. It appears that the same
were represented as being of the value of at least
$9,000 while in fact the same were not worth to exceed
$1,500, making a difference of $7,500. We do not think,
in view of the fact that from the time of the purchase
of a one-third interest until the subsequent purchase
of an additional one-sixth interest, the plaintiff par-
ticipated in the conduct of the business and assisted

in taking an inventory of the tangible property, that he can be said to have exercised reasonable care and caution to ascertain the value of such additional interest or that he was during such period so fraudulently misled or influenced by the defendants as to excuse the exercise of such diligence.

We are of opinion that the damages should have been limited to such as were occasioned by the contract for the purchase of a one-third interest, to-wit, $2,500. If the plaintiff shall within ten days from the entry of judgment herein remit the sum of $500 the judgment of the Circuit Court will be affirmed in the sum of $2,500; otherwise said judgment will be reversed and the cause remanded.

*Affirmed on remittitur.*

*Remittitur* filed and judgment affirmed.