(No. 15486.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOGAN E. POOLE, Plaintiff in Error.

*Opinion filed December 19, 1923.*

1. CRIMINAL LAW—*People should supply deficiencies in plaintiff in error's abstract.* It is the duty of counsel for plaintiff in error, as an officer of the court, to make a fair and sufficiently full abstract of the record, and where the abstract is insufficient, counsel for the People should present a supplementary abstract to supply the deficiency.

2. SAME—*a party charged with confidence game in selling incumbered property should be allowed to prove value of the property.* A party charged with the confidence game in selling property incumbered with a mortgage without disclosing the existence of the mortgage, which by mistake did not appear on the abstract of title, should be allowed, in support of his claim that the contract was to sell subject to incumbrances, to prove that the equity in the property was actually worth substantially the amount he was paid for the property.

3. SAME—*what misrepresentations are within the confidence game.* Cases where one party makes a positive representation to another of a fact which he knows to be untrue or uses an instru-

ment which he knows to be false as a representation of facts, and thereby secures the confidence of his victim by such representation and obtains his money, come within the rule concerning the confidence game, and the fact that the dealings assume the form of a business transaction will not preclude conviction.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. A. E. SOMERS, Judge, presiding.

HARRY B. MILLER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROY C. MARTIN, State's Attorney, and JAMES B. SEARCY, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of Franklin county of the offense of the confidence game. Judgment was entered on the verdict, and he brings the cause here for review on writ of error.

The principal ground upon which reversal is sought is that the record does not sustain the conviction.

The undisputed facts in the case are as follows: Plaintiff in error owned certain property in the village of Christopher, in Franklin county. For some years prior to the transaction in question he had lived in Christopher, where he conducted a tailoring business and news-stand in the property referred to. He later moved to Berwyn, Cook county, Illinois, and on March 6, 1922, returned to Christopher and entered into negotiations to sell said property to the complaining witness, Alexander G. Alexaides, and to his partner, John Pavlos, who were conducting a restaurant business in plaintiff in error's building. A sale of the property was consummated on March 8 at the agreed price of $3800. Prior to going to Christopher to make this trade plaintiff in error had telegraphed the First National Bank of Duquoin, Illinois, which held a mortgage on the property for $2122, asking the bank to forward the abstract held by

it to an abstract company at Benton, Illinois, that it might be brought down to date. The abstract was forwarded and the plaintiff in error obtained it from the abstract company and delivered it to the proposed purchaser for examination, but through the error of a young assistant the continuation inadvertently omitted to show the $2122 mortgage, although it was recorded in the records of Franklin county. Alexaides, with plaintiff in error, took the abstract to Paul Crane, a lawyer, for examination. A mortgage for $2122 in favor of the First National Bank of Duquoin was referred to in two of the transfers shown in the abstract, being transfers which had taken place between the plaintiff in error and his brother. Crane examined the abstract and apparently asked about this mortgage. The complaining witness and his partner bought the property, paying $3000 in cash and giving a mortgage for the balance, $800. Plaintiff in error executed a quit-claim deed containing a clause that the grantee assumed "all taxes, special assessments and incumbrances after the year 1918," but without special mention of the mortgage held by the Duquoin bank. Up to this point there is no dispute in the evidence, the controversy arising over the question as to whether complaining witness and his partner were informed by plaintiff in error or otherwise knew that a mortgage of $2122 existed against the property.

Defendant in error says that the abstract of the record submitted in this court by counsel for plaintiff in error is not a fair presentation of the evidence on controverted questions of fact, but that, owing to the original transcript having been filed in the office of the clerk of this court, the State's attorney did not have an opportunity to go over the same and prepare an additional abstract. We have examined the transcript in the original record and find that the contention of counsel for the People is well founded. The abstract is insufficient. It is the duty of counsel, as an officer of the court, to make a fair and sufficiently full ab-

stract. The court should not be put to the burden of examining the record in detail to discover the insufficiencies of the printed abstract. When an abstract is insufficient in a case of this character, the counsel for the People should take all necessary steps to present a supplementary abstract supplying the deficiency.

We come now to the chief point in dispute,—that as to the alleged concealment of the mortgage for $2122. Crane, the attorney who examined the abstract, testified that two items in the abstract contained references to such a mortgage and that he questioned plaintiff in error about these references. Apparently Crane obtained the understanding that the references shown in the abstract had something to do with two other mortgages, one for $1000 and one for $1100, the releases of which were shown in the abstract. Crane's testimony is not clear to the effect that plaintiff in error denied the existence of a new mortgage in substitution for the two that had been released. It appears from the evidence that after the transaction was closed the parties took the abstract to the abstract company in Benton. Complaining witness testified that he explicitly asked the president of the abstract company if the abstract showed anything against the property and that he said no, and that Poole stood by and heard the answer without making any statement. This is denied by plaintiff in error. .

The People's contention is that plaintiff in error, when he found that the abstract company had through error omitted to note on the abstract the mortgage for $2122, sought to, and did, use such erroneous abstract for the purpose of inducing complaining witness and his partner to believe that the property was free of any such incumbrance. Plaintiff in error denied any such intention and testified that he spoke of the mortgage being against the property, and that by the term "incumbrances" in the deed, which he himself drew and executed to complaining witness, he referred to

said mortgage, and that he understood he was getting $3800 for his equity in the property over and above this mortgage. Complaining witness testified that he understood "incumbrances" to mean the regular taxes and assessments against the property. The deed, however, included specific reference to taxes, special assessments and incumbrances. Plaintiff in error contends that he disclosed the mortgage both to complaining witness and to Crane, and upon a consideration of the evidence we cannot say that it is sufficient to sustain a conviction.

Plaintiff in error also testified to having written a letter to the complaining witness and his partner on October 20, 1919, and a copy of the alleged letter was placed in evidence as defendant's exhibit No. 2. This letter, if sent, placed the complaining witness upon notice by referring explicitly to a mortgage of about $2100 and by asking the amount of cash that the complaining witness would offer for the property in addition to assuming such mortgage. Counsel for the State objected to the admission of this letter in evidence on the ground that there was no proof of its having been sent. The complaining witness, when examined upon the matter, denied having received the letter but knew nothing as to whether his partner had received it. The People agreed that there was some correspondence between plaintiff in error and the complaining witness but claim that there had not been any since the fall of 1919. The evidence as to the letter here referred to is not as clear as might be desired, but when taken with the other circumstances of this case makes it necessary that the judgment of the trial court be reversed.

Not only this, but we are of the opinion that evidence on behalf of plaintiff in error was improperly excluded. Plaintiff in error sought to prove the value of the property concerned in the transaction, apparently for the purpose of showing that its value was substantially equal to the sum

of the cash price agreed upon and the $2122 mortgage upon the property. Some evidence of this character was gotten into the record, but a full showing as to this point was prevented by the exclusion of testimony through rulings of the trial court. The question was whether or not plaintiff in error secured the sale of the property to the complaining witness by fraudulent representations amounting to the confidence game. In view of the conflict in the evidence as to whether there was misrepresentation with respect to the $2122 mortgage, plaintiff in error was entitled to show, in support of his contention, that the equity in the property was actually worth substantially the amount he was paid for it. The value of the property has a direct bearing upon the understanding of the parties with respect to the existence of the mortgage.

Cases where one party makes a positive representation to another of a fact that he knows to be untrue, or uses an instrument which he knows to be false as a representation of facts, and thereby secures the confidence of his victim in such representation, come within the rule concerning the confidence game. The fact that the dealings assume the form of a business transaction will not preclude conviction for this offense. (*People v. Robinson,* 299 Ill. 617; *People* v. *Keyes,* 269 id. 173; *People* v. *Bertsche,* 265 id. 272; *People* v. *Weil,* 243 id. 208.) But in this case we are not satisfied that the complaining witness was defrauded by reliance upon representations of the plaintiff in error. The evidence, in our opinion, is not decisive upon the misrepresentation, and as we have indicated above, testimony on behalf of plaintiff in error was improperly excluded.

It is also contended that the remark of the State's attorney that "Chicago crooks come down here, jumping on us poor innocent boys," was prejudicial error. The court sustained an objection to the remark, which should not have been made. While we might not regard such a statement, standing alone, as reversible error, we think it wise to com-

ment upon it here for the purpose of discouraging such or similar remarks in the trial of cases.

The judgment of the circuit court will be reversed and the cause remanded.          *Reversed and remanded.*