McSURELY and JOHNSTON, JJ., concur.

---

John  Christopherson,  Appellee,  v.  Charles  J. Marhoefer,  Appellant.

## Gen. No. 28,991.

1. FRAUD AND DECEIT—*sufficiency of evidence of fraud and false pretenses.* In an action for damages charging deceit and fraud and false pretenses in obtaining money from plaintiff under pretense of conveying all the interest defendant acquired in certain lots by virtue of a tax deed when in fact he had conveyed to another one-half of that interest in such manner that the record thereof was not discovered by plaintiff and his attorney, held, that the evidence sustains the charge of fraud, showing falsity, knowledge, deception and injury.

2. FRAUD AND DECEIT—*degree of proof of fraud necessary.* In an action for damages for obtaining money by false pretenses, deceit and fraud the court did not err in refusing defendant's request to charge that plaintiff's case must be proved beyond a reasonable doubt.

3. FRAUD AND DECEIT—*punitive damages recoverable for wilful fraud.* Where the fraud by which defendant obtained money from plaintiff was wilful and malicious punitive damages were permissible.

Appeal by defendant from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Affirmed. Opinion filed June 30, 1924.

BROWN, BROWN & BROWN, for appellant.

FRANK P. SADLER, for appellee; GEORGE E. KANARY and GEORGE H. MOLLAN, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by the defendant from a judgment in the sum of $1,000 entered upon the verdict of a jury, motions for a new trial and in arrest of judgment having been overruled.

The statement of claim contains two counts, in the first of which it is averred that on May 31, 1921, defendant obtained from plaintiff the sum of $353.63 under false pretenses, stated to be the pretense of conveying to plaintiff all interest that defendant had acquired in certain real estate in Cook county, Illinois, by virtue of a tax deed, No. 30332-S, dated August 8, 1918, issued to the defendant by the County Clerk of Cook county, Illinois, and recorded August 23, 1918.

The second count alleges that defendant had practiced fraud and deceit upon the plaintiff in the transaction of May 31, 1921, in which defendant obtained from plaintiff the sum of $353.63 in exchange for the interest which defendant had acquired in the same real estate and by virtue of the same tax deed. In both counts it was charged that the defendant acted wilfully and maliciously.

The real estate in question was known as lots 12 and 13 in block 13, in East Chicago Lawn, in J. A. Campbell's subdivision, etc.

The affidavit of merits denied that the defendant had made any false pretense or representation in the matter, either wilfully or maliciously or otherwise.

Defendant contends in this court that the verdict is manifestly against the weight of the evidence. He argues that the evidence fails to disclose that he made any false representations and also fails to show that the plaintiff relied upon any such representation made by him.

There is little conflict in the evidence, and an examination of it does not leave the controlling facts of the case in doubt,

At the time of the transaction in question the defendant, Marhoefer, was engaged in the business of buying property at tax sales. He purchased the lots in question, of which plaintiff was the owner, at one of these sales, and on August 23, 1918, caused a tax deed for the same to be recorded in the recorder's office of Cook county.

May 31, 1921, W. T. Pridmore, an attorney, and one Halvorsen, who is engaged in the real estate business, both representing the plaintiff, called at the defendant's office and showed to him a written opinion on the title of these lots as prepared by the Chicago Title and Trust Company. Pridmore pointed out to defendant the particular item which showed this tax deed and said to him, "We want to know what the expense is to clear up that objection." Defendant looked at the opinion of title, then looked into a record of his own, and replied that it would cost $475.

Halvorsen afterwards communicated with defendant on the 'phone, at which time, defendant says, he asked Halvorsen if he intended "to take up my interest, and he gave me a sort of evasive answer, and then I thought possibly they were going to file a bill."

May 11, 1921, defendant conveyed by quitclaim deed an undivided one-half interest in the whole block, in which these two lots were situated, to one Joyce L. Wakeman, and this deed was recorded in the recorder's office of Cook county on the following day. Defendant did not at this time have any interest in the block in question except the two lots owned by plaintiff, and the numbers of these lots were by him intentionally omitted from the deed.

In the deed in question Joyce L. Wakeman was described as residing in Milwaukee, Wisconsin. She is the daughter of one who for twenty-five years was an office associate of the defendant.

According to the custom of the recorder's office, of which defendant knew, this deed was recorded on a page of the record under the heading "Block," where-

as a conveyance of the lots by their numbers would have been recorded on another page.

The motive of defendant is not left in doubt. He testifies, ''I was in hopes that Pridmore did not know how to look up a title and I found out that he did not.'' However, that defendant was not without thoughts of benevolence in the matter is indicated by his further statements to the effect that he did not make as much trouble as he could have done; that he ''could have had Langlois convey another part to someone else in another state.''

May 7, 1921, Pridmore and Halvorsen again called at defendant's office for the purpose of making a tender to defendant of the amount necessary to secure a reconveyance. They had in the meantime obtained an estimate from the office of the county clerk of such amount in accordance with the provisions of section 376 of Chapter 120 of the Illinois Statutes [Cahill's Ill. St. ch. 120, ¶ 376]. This estimate was in writing, dated May 7, 1921, and showed that the total amount due to the holder of the tax title on June 1, 1921, was $353.63.

After obtaining this estimate from the clerk, Pridmore went to the recorder's office and there examined the index showing conveyances of these particular lots, but not of the whole block. If the deed to Joyce Wakeman had described lots 12 and 13 in the block in question, it would have appeared on page 353 of the index; but as it described only the block, which was No. 13, it had been posted on a different page.

It is admitted that the amount due to the holder of the tax deed by virtue of the terms of the statute was $353.63, and the attorney and agent of plaintiff went to the office of defendant and tendered to him that amount.

There is a conflict in the evidence as to what was said by the parties at the time this tender was made, but there is evidence in the record from which the jury might properly find that Pridmore in substance said

to defendant that the tender was being made in behalf of plaintiff and for the interest which defendant, Marhoefer, had acquired in the property described; that defendant said he would give a deed for that amount, whereupon the written estimate and the written opinion were again pointed out to him and he was again informed that the money was tendered for the interest which he had acquired in the lots by virtue of his tax deed.

Defendant thereupon inquired plaintiff's name, which was given him, and he wrote and delivered to Pridmore a deed, which is in evidence. Pridmore then requested defendant to write into the deed the number of the tax deed, which appeared in the county clerk's estimate as 30332-S, but defendant replied, "The law don't require me to," whereupon Pridmore said he would take the deed, which was then delivered and which in its material parts was as follows:

"The Grantors, Charles J. Marhoefer and S. Margaret Marhoefer, his wife, of the City of Chicago, in the County of Cook and State of Illinois, for and in consideration of One Dollar, in hand paid, convey and quit claim to John Christopherson, of the City of Minneapolis, County of.............State of Minnesota, the following real estate, to-wit: Lots twelve (12) and thirteen (13) in Block thirteen (13) in East Chicago Lawn being J. A. Campbell's Subdivision * * *, situated in the County of Cook, in the State of Illinois, *releasing all interest acquired in same by tax deed,* and hereby releasing and waiving all rights under and by virtue of the Homestead Exemption laws of this State. Dated this 31st day of May, A. D. 1921."

Pridmore says that in taking this deed he relied on its language and also on defendant's oral statements, and that he had no knowledge of the conveyance of any part of the title by defendant to another.

The defendant testifies that when Pridmore showed him the statement from the county clerk, defendant said to him, "Are you sure, do you know what you're doing?" to which Pridmore replied, "Yes." Defend-

ant also says (and he is corroborated by other witnesses) that the statement was made by Pridmore that the tender was for the interest which he, defendant, had in the lots.

We do not hesitate to hold that the jury was justified in inferring from this evidence that defendant planned to deceive and defraud the plaintiff's agents so as to secure in payment for only a part of the title the amount which plaintiff's agents supposed was payment for the whole of it.

A representation does not necessarily have to be either written or spoken. Actions often speak louder than words and are even more effective in the perpetration of fraudulent acts. Indeed, silence may, under some circumstances, amount to a representation, for which, if it is untrue and another relies upon it to his injury, the law will afford a remedy. The fraud in this case was deliberately planned, and if such conduct is to be tolerated real estate transactions will become precarious indeed. Presumably the defendant might have caused a quitclaim deed to be recorded, conveying his interest in the section in which these lots were located, and such a conveyance would have made necessary an examination of all the many tracts of land situated in the section. In the very nature of things in a transaction of this sort, one taking a title must rely upon the honesty of the grantor. As the Supreme Court said in *Leonard v. Springer*, 197 Ill. 532:

"Any conduct capable of being turned into a statement of fact is a representation. There is no distinction between misrepresentations effected by words and misrepresentations effected by other acts. It is sufficient that there were acts such as to mislead a reasonably cautious or prudent man in regard to the existence of a fact forming a basis of or contributing an inducement to some change of position by him." See also *People v. Poole*, 310 Ill. 345.

We think that all the elements of fraud mentioned in *Foster v. Oberreich*, 230 Ill. 525, on which case de-

fendant relies, namely, falsity, scienter, deception and injury, are present in this case.

Defendant also contends that the court should have instructed the jury that the plaintiff must prove his case beyond a reasonable doubt, upon the theory that the declaration charged defendant with the commission of a crime. Upon that theory the defendant asked the court to instruct the jury that to warrant a verdict finding the defendant guilty, each fact necessary to establish his guilt must be proven by competent evidence beyond a reasonable doubt; that all the facts and circumstances proven should not only be consistent with the guilt of the defendant but inconsistent with any reasonable hypothesis or conclusion other than that of guilt, and sufficient to produce in the minds of the jury a reasonable and moral certainty that the defendant was guilty as alleged in the statement of claim.

The defendant contends here that under the rule as laid down in *People v. Sullivan*, 218 Ill. 419, it was error for the court to refuse this instruction. In that case, as well as the later case of *McInturff v. Insurance Co. of North America*, 248 Ill. 92, following the rule as laid down in *Germania Fire Ins. Co. v. Klewer*, 129 Ill. 599, the Supreme Court has held in substance that where in a civil case a criminal offense is charged in the pleadings and it is necessary to prove such offense in order to recover, then the offense must be proved beyond a reasonable doubt. We do not regard the rule as announced in the cases cited as applicable to the facts which appear here. Even if it be conceded that the pleadings in this case charge a misdemeanor under the law, the rule contended for would not be applied. *Eames v. Morgan*, 37 Ill. 260; *Crane v. Schaefer*, 140 Ill. App. 647; *Solomon v. Buechele*, 119 Ill. App. 595.

The defendant further contends that if plaintiff were entitled to recover only actual damages could be

allowed and that the instruction of the court to the jury which permitted the allowance of punitive damages was erroneous. The wrongdoing of defendant was wilful and malicious, and in such cases punitive damages are permitted. *Laughlin v. Hopkinson,* 292 Ill. 80; *Eames v. Morgan, supra; Crane v. Schaefer, supra.*

We have given careful consideration to the whole record and are satisfied that substantial justice has been done.

The judgment is therefore affirmed.

*Affirmed.*

McSURELY and JOHNSTON, JJ., concur.