## Pauline Branhorst, Plaintiff in Error, v. Harry F. Stamper et al., Defendants in Error.

Opinion filed May 29, 1933.

D. F. MOORE and O. C. SMITH, for plaintiff in error.

LAYMAN & JOHNSON, CARTER HARRISON and MOSES PULVERMAN, for defendants in error.

MR. JUSTICE FULTON delivered the opinion of the court.

This was an action for fraud and deceit commenced in the circuit court of Franklin county by plaintiff in error, based upon alleged false representations made by defendants in error to her, whereby she was induced to become a stockholder and a depositor in the Illinois Bank and Trust Company of Benton, Illinois.

The declaration consisted of a single count which charged in substance that plaintiff in error was the owner of certain moneys of the value of $7,800; that the defendants in error and other persons conspired to injure her and deprive her of said moneys by false statements, for the purpose of inducing her to buy

stock in the Illinois Bank and Trust Company then being organized at Benton; that the statements made to her were false in relation to the financial standing of the proposed stockholders in the new bank and in relation to the amount and value of the assets to be owned by the new bank; that plaintiff in error in reliance upon such statements purchased 30 shares of stock in the new bank and paid $4,500 for the same and also deposited $3,300 in the new bank; that such statements made by defendants in error were untrue and made with the fraudulent purpose of obtaining her money without giving her any value for the same; that the new bank was insolvent from its inception; that by reason of the failure to collect the notes held by the new bank and the fraudulent conduct of the said bank and its officers and of the defendants in error in particular, the bank was closed by the state auditor and that thereby she was defrauded of her property in the sum of $7,800.

Defendants in error filed pleas of not guilty.

Trial was had before a jury and at the close of all the evidence for the plaintiff in error, the several defendants in error moved for a directed verdict of not guilty, which motions were granted, verdicts of not guilty returned by the jury pursuant to instructions of the court and judgment entered upon the verdicts, from which judgment this writ of error has been sued out.

The facts show that following the death of its president on October 19, 1929, the Benton State Bank of Benton, Illinois, was closed for examination by the auditor of public accounts. The examination disclosed that the bank was in an insolvent condition, and an examiner from the auditor's office was placed in charge pending a final disposition thereof, either through a receivership or by reorganization. At the time the bank closed plaintiff in error had on deposit

$7,800. After examination the auditor approved a plan of reorganization which required the directors of the old bank to put in a certain amount of cash in place of specific assets which the auditor required to be taken out. That money having been raised, the auditor authorized the organization of a new bank to take over the assets and assume the liabilities of the old bank, the new bank to be known as the Illinois Bank and Trust Company of Benton, Illinois, with 1,000 shares of stock to be sold at $150 per share, thus giving the new bank a capital of $100,000 and a surplus of $50,000. All of the stock was sold and the new bank was opened March 21, 1930.

About six weeks before the new bank opened the defendants in error called on plaintiff in error at her home, her two sons and her daughter being present, and presented to her the plan of reorganization for the new bank, advising her of the requirements laid down by the auditor's office, and discussed with her the question of her taking stock in the new bank, to be paid for out of her deposit in the old bank. Plaintiff in error and all three of her children testify as to the statements made by defendants in error at this conversation, which was the only talk that plaintiff in error or any of her family had with defendants in error about the sale of stock in the new bank. About a month later a meeting of prospective stockholders in the proposed new bank was held in Benton. About 100 or more were present and a representative of the auditor's office was present to explain the proposed plan of reorganization. Edmund Branhorst, son of the plaintiff in error, attended the meeting as her agent. Following that meeting plaintiff in error through her son did take 30 shares of stock in the new bank and paid for the same the sum of $4,500 out of her deposit of $7,800 in the old bank, and left $3,300, the balance of said deposit, on deposit in the new bank, taking a cer-

tificate of deposit for same for one year at three per cent interest. The issuance of the stock and the arrangement about the deposit in the new bank was handled by her son with Mr. Barnett, the cashier of the new bank. The new bank remained open for a period of six months, from March 21, 1930, to September 24, 1930, when it was closed by the auditor, a receiver appointed, and its affairs were in process of liquidation at the time this suit was started.

On the trial plaintiff in error sought to introduce oral evidence to show that several hundred thousand dollars worth of notes, mortgages and other securities taken over by the new bank from the old bank were worthless and of no value whatsoever. An objection to all of this testimony was sustained and plaintiff in error contends that it was improperly excluded. It is not entirely certain from the offers made as to whether this proof was to be made by opinion evidence or by facts and circumstances known to the witnesses concerning the solvency or insolvency of the makers of the notes or the value of the property securing the mortgages, but from the view we take of the entire testimony introduced by plaintiff in error, it would not be sufficient in any event. The evidence lacks one very essential element necessary to sustain an action for fraud and deceit when it fails to prove that plaintiff in error suffered loss, injury or damage. She had $7,800 on deposit at the time the Benton State Bank closed. She has entirely failed to prove the value of her claim against that bank. The testimony she sought to prove would have shown that more than a half a million of the notes and mortgages taken over from the old bank were worthless or nearly so. The liabilities of the old bank were well over $1,000,000. There was no attempt made to show the value of the remaining assets of the old bank, but the clear inference from the testimony offered would be that her

deposit of $7,800 through a liquidation of the old bank was of little or no value. Under the new organization she secured 30 shares of stock paid for out of the deposit in the old bank and a new certificate of deposit for $3,300 in the new bank. The latter amount was at her disposal at any time during the six months the bank remained open. True it is that she incurred a $3,000 stock liability but the dubious value of her old deposit raises a serious question as to whether she gave up anything of value for her stock and new deposit. Without definite proof of this essential fact plaintiff in error could not recover. The elements of a cause of action for fraud and deceit are representation, falsity, scienter, deception and injury. *Foster v. Oberreich*, 230 Ill. 525. We are also inclined to believe that the record fails to show bad faith on the part of defendants in error. It is therefore the judgment of this court that the plaintiff has failed to sustain the material and essential elements of her declaration and that the action of the circuit court in granting the motion for a directed verdict was right and proper. The judgment of the lower court is, therefore, affirmed.

*Affirmed.*