Paul W. Tate and LaDonna J. Tate, Plaintiffs-Appellants, v. Earl W. Jackson, Defendant-Appellee.

Gen. No. 59–M–2.

Fourth District.

September 14, 1959.

Released for publication September 29, 1959.

Baltz & Guymon, of Belleville, for plaintiffs-appellants.

Gray, Godfrey & Plattner, of East St. Louis, for defendant-appellee.

JUDGE HOFFMAN delivered the opinion of the court.

This is an appeal by the plaintiffs from an order dismissing their amended complaint charging the defendant in an action in tort based on fraud and deceit.

The allegations of the contested complaint are substantially as follows: The defendant, who is engaged in the business of constructing and selling residences, induced the plaintiffs to purchase a certain residence by stating that it "was well constructed in a good and substantial manner and that he himself had built it"; that the plaintiffs purchased in reliance upon these representations, which "were false and either were knowingly so to the defendant or were made by him without knowing either the truth or falsity thereof while falsely assuming knowledge thereof"; and that

as a result of improper construction, which is detailed at length, the building became uninhabitable within a year after purchase and plaintiffs were thereby damaged as alleged.

The sole question before us is whether such amended complaint states a cause of action. The determination of this question rests upon an application of the relevant portions of the Practice Act and the substantive law of fraud and deceit.

Section 33(1) of the Illinois Civil Practice Act, (Ill. Rev. Stat., 1957, chap. 110, par. 33(1)) provides that "All pleadings shall contain a plain and concise statement of the pleader's cause of action." Section 42(2), (Ill. Rev. Stat., 1957, chap. 110, par. 42(2)) provides that "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." Section 33(3) of the same Act provides: "Pleadings shall be liberally construed with a view to doing substantial justice between the parties."

In Annerino v. Dell Pub. Co., 17 Ill.App.2d 205, 149 N.E.2d 761, the court said on page 763 of 149 N.E.2d that "In deciding whether plaintiff has stated facts sufficient to allege a cause of action, the court must look to the plain and fair intendment of the language used by plaintiff and the facts which may be reasonably implied from such language." In Jorgensen v. Baker, 21 Ill.App.2d 196, 157 N.E.2d 773, a fraud case, it was said that "The allegations of a complaint must state all essential information together with the elements necessary to constitute the cause of action."

■■ Specifically, with regard to pleading fraud, it has been stated that a complaint "must plead sufficient acts or facts relied upon to establish the fraud" (Hart v. Brown, 404 Ill. 498, 503, 89 N.E.2d

473

370); and that the facts alleged must be such as "constitute fraud in themselves or are facts on which fraud will be necessarily implied." Newco Laundromat Co. v. A L D, Inc., 16 Ill.App.2d 494, 501, 148 N.E.2d 820. The elements of fraud, which must be pleaded, have been set forth in many cases. They are representation, falsity, scienter, deception and injury. Foster v. Oberreich, 230 Ill. 525; Bouxsein v. Granville Nat. Bank, 292 Ill. 500; Jorgensen v. Baker, 21 Ill.App.2d 196, 157 N.E.2d 773.

Although the defendant rests his contention that the complaint was properly dismissed on several grounds, all of which have been carefully considered by us, the main and determining issue here is whether or not the statement by the defendant to the effect that the residence was well constructed in a good and substantial manner and that he himself has built it, is a sufficient representation upon which actionable fraud will lie.

Before the turn of the century, it was held that the seller of property is presumed to know whether representations he makes regarding it are true or false and, if he knows them to be false it is a positive fraud, while if he makes these representations without knowing them to be true, for the purpose of inducing another to act upon them, it in equity amounts to fraud. See Borders v. Kattleman, 142 Ill. 96. This principle has been reenunciated in many cases. See Brennan v. Persselli, 353 Ill. 630; National Bank of Pawnee v. Hamilton, 202 Ill. App. 516; Snively v. Meixsell, 97 Ill. App. 365.

In Endsley v. Johns, 120 Ill. 469, the general proposition was laid down that where representations relate to a material fact within the knowledge of the person making them, or which he assumes to assert upon his personal knowledge, and with respect to which the person to whom the representations are made has not

the present opportunity or ability to test or verify, the latter has the right to rely upon such representations, and in the absence of facts apparent to reasonably assure suspicion and throw doubt upon the truth of the statements, he is not bound to go farther and make inquiries in respect thereof.

In Van Velsor v. Seeberger, 59 Ill. App. 322, a case almost identical with the one at bar, the defendant was the builder of a house he sold to the plaintiff. He told the plaintiff, at the time of the sale, that he built the house, described the way it was built, and stated that it was built in a thorough and substantial manner. The court held, on suit based upon defendant's fraudulent representations, that the plaintiff had every reason to believe and rely upon the statements of the builder.

In Gullett v. Leaverton, 188 Ill. App. 66, it was said on page 68: "To recover for fraud and deceit all that is necessary to aver and prove is that the representations made were untrue, that the party making them knew them to be false, that the representations made were material to a transaction and were made with intent to deceive, that the party to whom the representations were made relied upon them as true, and was induced to act by reason of such representations and was misled and damaged thereby."

The complaint, as set forth in the pleadings, clearly and concisely contains sufficient information to inform the defendant of the nature of plaintiffs' claim. Modern discovery practices will enable defendant to secure, well in advance of trial, sufficient additional details, if needed, to adequately prepare his defense. The amended complaint does not fail under the Civil Practice Act.

■ ■ It cannot be said with finality and solely as a matter of law that the statements made by the de-

fendant at the time of sale, as alleged in the amended complaint, were merely statements of opinion which were not material to the transaction nor were not relied upon by the plaintiffs in making their purchase. These statements, made by the builder himself, quite reasonably, in the minds of prudent men, could be construed to the contrary, when the circumstances surrounding their making are taken into consideration. Nor can it be said with finality and as a matter of law that prudent men would not have relied upon such statements. The exact form and wording of the alleged statements, the manner in which they were said, the circumstances surrounding their making, the respective knowledge of the parties relative to the transaction itself, all may bear upon the application of the principles above set forth. 23 Am. Jur., Fraud and Deceit, page 784. Whether or not these principles shall be applied to the defendant in this case and liability be imposed upon him should be determined from the evidence by the trier of facts. In our view the elements of actionable fraud were sufficiently alleged to entitle the plaintiffs to a hearing on the merits. Howell v. Wyatt, 168 Ill. App. 651. Courts should not treat lightly the directive of the Civil Practice Act that pleadings should be liberally construed so as to do substantial justice between the parties.

The amended complaint sets forth, specifically, many items of alleged damage. However, none of these claims for damages were attacked, and therefore are not before this court. This opinion should not be taken as approving the propriety of any of said items of damage. Rather, in assessing damages after a hearing on the merits, if there be liability, the court should apply the usual rule in actions in tort based upon fraud and deceit.

476

For the reasons above set forth the order of dismissal is reversed and the cause remanded for further proceedings.

Reversed and remanded.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.